## Kearney's Estate.  McGill, Appellant, v. Hughes.

*Will—Execution by mark—Testamentary capacity—Undue influence.*
Evidence held insufficient to set aside a will, attacked upon the ground of nonexecution, want of testamentary capacity and undue influence.

Argued Feb. 24, 1892. Appeal, No. 245, Jan. T., 1892, by Catharine McGill, appellant, from decree of O. C. Lackawanna Co., affirming grant of letters testamentary by register. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

Proceedings in contest concerning will of Mary Kearney, deceased.

From testimony taken before a commissioner in the orphans' court, it appeared that the testatrix had been for more than thirty years a domestic servant in the family of Dr. W. H. Vail, of Blairstown, N. J., and about ten years before her death came to Scranton to reside. Shortly after moving to Scranton, she became estranged from her sister, the appellant, and her other relatives living in Scranton, and sent to England for her niece, the appellee, to come to this country and

live with her.   In 1885 testatrix purchased a property in Scran-
ton, and consulted an attorney in regard to it, telling him
that she desired her niece, the appellee, to have it after her
death.   He advised her to take the title in her own name and
make a will leaving the property to the appellee.   The evi-
dence as to the execution of the will was to the effect that
the paper was drawn by Dr. Vail, of Blairstown, N. J., and by
him sent to James A. Linen, of Scranton, whose wife was a
cousin of Dr. Vail.   Mr. Linen sent for the testatrix, read it
to her at his house, and she said it was as she wished it to be.
Mr. and Mrs. Linen were the only witnesses present.   They
signed as "witnesses to the mark," but a formal attestation
clause appeared below their signatures.   Mrs. Linen testified
that she saw testatrix make her mark.   "My husband made
the mark for her, or she made the mark herself, of course.   No
one guided her hand, as I know of.   I cannot remember, it is
so long since, but I suppose I saw her take the pen in her
hand and make the mark. . . . When she made the cross she
had the pen in her hand."   Mr. Linen testified : "I made the
mark with her hand on the pen. . . . I always witness marks
in the same way. . . . I take the pen, and ask the person who
wishes to make their mark, put the hand on the pen, and while
the hand is on the pen, I guiding it, make the cross."   Other
witnesses testified that she did not make the mark, because
she could not handle the pen ; she did not know how to hold
it.   The evidence as to testamentary incapacity was to the effect
that she was "nervous, very nervous ; had a very poor head ;
the least noise would hurt her ; she would have to lie down all
on one side of her head."   A few days after she made the
will, testatrix told appellee that she had made it and that she
had left everything to her, that Mr. and Mrs. Linen were the
witnesses, and that Dr. Vail had the will.

The will, after providing for the interment, etc., of testatrix,
left everything to appellee, and appointed Emma E. Vail, of
Scranton, and William H. Vail, of Blairstown, N. J., executors.

After testatrix's death, the will having been offered for pro-
bate, a caveat was filed by appellant, which was dismissed by
the register, and letters granted to the executors named.   Ap-
pellant then took an appeal to the orphans' court, where the
proceedings before the register were affirmed and the appeal

dismissed at the costs of the appellant. Subsequently appellant presented a petition praying for a precept to the common pleas to cause an issue to be framed for a trial before a jury. The petition was refused by the court and this appeal was taken.

*Errors assigned* were (1) affirming the proceedings of the register of wills; (2) dismissing the appeal; (3) refusing the issue prayed for.

*W. H. Stanton*, for appellant.

*Jessups & Hand*, for appellee, were not heard.

PER CURIAM, March 28, 1892:

The decree is affirmed, and the appeal dismissed, at the costs of the appellant.